IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

REEFEDGE NETWORKS, LLC,        )
                               )
            Plaintiff,         )
                               )
      v.                       )        C.A. No. 12-1042-LPS
                               )
ARUBA NETWORKS INC. and DELL INC.,  )
                               )
            Defendants.        )
_____)
                               )
REEFEDGE NETWORKS, LLC,        )
                               )
            Plaintiff,         )
                               )
      v.                       )        C.A. No. 12-1043-LPS
                               )
CISCO SYSTEMS, INC.,           )
                               )
            Defendant-Counterclaimant.  )
_____)
                               )
REEFEDGE NETWORKS, LLC,        )
                               )
            Plaintiff,         )
                               )
      v.                       )        C.A. No. 12-1044-LPS
                               )
MERU NETWORKS, INC.,           )
                               )
            Defendant-Counterclaimant.  )
_____)
                               )
REEFEDGE NETWORKS, LLC,        )
                               )
            Plaintiff,         )
                               )
      v.                       )        C.A. No. 12-1045-LPS
                               )
RUCKUS WIRELESS INC.,          )
                               )
            Defendant.         )
_____)

| | | |
|---|---|---|
| REEFEDGE NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1143-LPS |
| | ) | |
| ADTRAN INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| REEFEDGE NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1144-LPS |
| | ) | |
| ALCATEL-LUCENT INC., and ALCATEL-LUCENT USA INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| REEFEDGE NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1147-LPS |
| | ) | |
| ENTERASYS NETWORKS INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| REEFEDGE NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1149-LPS |
| | ) | |
| BROCADE COMMUNICATIONS SYSTEMS INC., | ) | |
| | ) | |
| Defendant. | ) | |

REEFEDGE NETWORKS, LLC,                          )
                                                 )
        Plaintiff,                    )
                                                 )
v.                                               )           C.A. No. 12-1150-LPS
                                                 )
NETGEAR, INC.,                                   )
                                                 )
        Defendant.                    )
_____ )
                                                 )
REEFEDGE NETWORKS, LLC,                          )
                                                 )
        Plaintiff,                    )
                                                 )
v.                                               )
                                                 )           C.A. No. 12-1151-LPS
ZYXEL COMMUNICATIONS                             )
CORPORATION, and ZYXEL                           )
COMMUNICATIONS INC.,                             )
                                                 )
        Defendants.                   )
_____ )
                                                 )
REEFEDGE NETWORKS, LLC,                          )
                                                 )
        Plaintiff,                    )
                                                 )
v.                                               )           C.A. No. 12-1674-LPS
                                                 )
MERAKI, INC.,                                    )
                                                 )
        Defendant.                    )
_____ )
                                                 )
REEFEDGE NETWORKS, LLC,                          )
                                                 )
        Plaintiff,                    )
                                                 )
v.                                               )           C.A. No. 13-412-LPS
                                                 )
JUNIPER NETWORKS INC.,                           )
                                                 )
        Defendant.                    )

## SCHEDULING ORDER

This ___ day of August, 2013, the Court having conducted an initial Rule 16 scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures.</u>  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within two (2) weeks of the date of this Order.

2. <u>Discovery and Electronic Discovery Stipulation</u>.  The parties have reviewed the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI").  The parties propose to adopt the Court's Default Standard for Discovery with the following exceptions:

- Paragraph 4(a) disclosures shall be due within 60 days of the date of the Scheduling Order;

- **[REEFEDGE'S PROPOSAL**:  Paragraph 4(b) disclosures shall be due by October 15, 2013.  The parties further agree that, if the required document production appears to be objectively unduly burdensome, the parties shall meet and confer no later than September 16 to discuss methods for limiting the number of documents to be produced.  Possible methods that shall be discussed include, but are not limited to, agreeing that certain products are representative, certain documents are representative and agreeing that only certain categories of documents need to be produced;]

- [**DEFENDANTS' PROPOSAL**:  Paragraph 4(b) disclosures shall be due by October 15, 2013.  The parties further agree that, if a Defendant provides written notice to the Plaintiff that it reasonably deems the required document production to be unduly burdensome, the parties shall follow the provisions of modified Paragraph 5 of the Default Standard below by no later than September 16, 2013;]

- Paragraph 4(c) disclosures shall be due [**REEFEDGE'S PROPOSAL**:  within 60 days of the paragraph 4(b) disclosures] [**DEFENDANTS' PROPOSAL**:  by December 12, 2013]; and

- Paragraph 4(d) disclosures shall be due [**REEFEDGE'S PROPOSAL**:  within 60 days of the paragraph 4(c) disclosures] [**DEFENDANTS' PROPOSAL**:  by February 10, 2014].

- Paragraph 5 shall be modified to include the following:

- [**REEFEDGE'S PROPOSAL**:  Excel (and other spreadsheet) files, Framemaker files (which can be viewed using software on a personal computer (PC)), videos, audio files, and any other files that do not reasonably convert to a TIFF image may be produced in native format, will be designated by including a unique production number (i.e., Bates number) and appropriate confidentiality designation in the native document's file name, and, if a receiving party prints any such files, or portions of such files, the receiving party will ensure that the each page is treated with appropriate confidentiality designation.]

- [**DEFEFENDANTS' PROPOSAL**:  At any point during the discovery period, if a party is the recipient of a document request, or is otherwise under an obligation to produce documents, and reasonably deems the required document production to be unduly burdensome, the parties shall meet and confer in good faith to discuss options to reduce

the costs and volume of discovery, including, but not limited to, methods for limiting the number of documents to be produced and methods for reducing the cost of document production.  Absent a contrary agreement the following procedure shall control:  Excel (and other spreadsheet) files, Framemaker files (which can be viewed using software on a personal computer (PC)), videos, audio files, and any other files that do not reasonably convert to a TIFF image may be produced in native format, will be designated by including a unique production number (i.e., Bates number) and appropriate confidentiality designation in the native document's file name.  If a receiving party prints any native files, or portions of such files, the receiving party will ensure that the confidentiality of each page is treated as designated in the native document's file name. All other types of ESI may be produced in native format in the first instance and will be designated by including a unique production number (i.e., Bates number) and appropriate confidentiality designation in the native document's file name.  The receiving party has the right to identify up to 5,000 of these documents that the producing party must convert to TIFF image files.  The producing party shall convert and produce the TIFF image files within 10 business days of the request.  After the producing party has converted 5,000 documents to TIFFs (absent an agreement to enlarge that number or a showing of good cause), the parties shall split the costs of any additional conversions to TIFF image files requested by the receiving party.  The receiving party shall always have the option of printing any produced native documents with each page having the production number and appropriate confidentiality designation printed thereon, or otherwise creating TIFF image files at its own expense.]

- The parties also agree to the following limitation regarding the number of asserted claims

and asserted prior art.

- o In its 4(c) disclosures, ReefEdge shall include a Preliminary Election of Asserted Claims, which shall include no more than **[REEFEDGE'S PROPOSAL**: seventeen] **[DEFENDANTS' PROPOSAL**:  ten] claims from each patent against **[REEFEDGE'S PROPOSAL:  a particular defendant] [DEFENDANTS' PROPOSAL**:  Defendants], and no more than a total of **[REEFEDGE'S PROPOSAL:  fifty-one] [DEFENDANTS' PROPOSAL**:  thirty] claims overall.

- o Defendants shall include no more than twelve prior art references against each patent, and not more than a total of thirty-six references in its paragraph 4(d) disclosures.[1]

- o Not later than 30 days after the Court issues its Claim Construction Order, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent **[REEFEDGE'S PROPOSAL**:  for each Defendant] **[DEFENDANTS' PROPOSAL:** against Defendants] from among the **[REEFEDGE'S PROPOSAL:**  seventeen] **[DEFENDANTS' PROPOSAL:**  ten] previously identified claims and no more than a total of 15 claims **[REEFEDGE'S PROPOSAL:**   for a given defendant].

- o **[REEFEDGE'S PROPOSAL:**  Not later than 14 days after service of a Final Election of Asserted Claims,] **[DEFENDANTS' PROPOSAL:**  Not later than 60 days after the Court issues its Claim Construction Order,] Defendants shall serve a Final Election of Asserted Prior Art, which shall identify no more than six

---

[1] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

asserted prior art references per patent from among the [**REEFEDGE'S PROPOSAL**: twelve prior art references previously identified for that particular patent] [**DEFENDANTS' PROPOSAL**: thirty six prior art references previously identified] and no more than a total of 18 references.

o   Upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify this order for good cause shown. Any request to increase the limits contained in this order must specifically show why the inclusion of additional asserted claims or prior art references is warranted. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1202, 1312–13 (Fed. Cir. 2011).

3.    <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before March 12, 2014.

4.    <u>Discovery and Pretrial Coordination</u>.  The parties propose to coordinate twelve cases for purposes of discovery and pretrial on issues common to all defendants, including discovery concerning the patents-in-suit and claim construction, and for purposes of conducting a Markman hearing and summary judgment hearing.  The twelve cases are ReefEdge Networks LLC v. Aruba Networks Inc. et al., C.A. No. 1:12-cv-1042; ReefEdge Networks LLC v. Cisco Systems Inc., C.A. No. 1:12-cv-1043; ReefEdge Networks LLC v. Meru Networks Inc., C.A. No. 1:12-cv-1044; ReefEdge Networks LLC v. Ruckus Wireless Inc., C.A. No. 1:12-cv-1044; ReefEdge Networks LLC v. Adtran Inc., C.A. No. 1:12-cv-1143; ReefEdge Networks LLC v. Alcatel-Lucent Inc. et al., C.A. No. 1:12-cv-1144; ReefEdge Networks LLC v. Enterasys Networks Inc., C.A. No. 1:12-cv-1147; ReefEdge Networks LLC v. Motorola Solutions Inc. et al., C.A. No. 1:12-cv-1149; ReefEdge Networks LLC v. NETGEAR, Inc., C.A. No. 1:12-cv-

1150; ReefEdge Networks LLC v. ZyXEL Communications Corporation et al., C.A. No. 1:12-cv-1151; ReefEdge Networks, LLC v. Meraki, Inc., C.A. No. 1:12-cv-1674; and ReefEdge Networks, LLC v. Juniper Networks, Inc., C.A. No. 1:13-cv-412.

    (a)    Any submissions to the Court on issues common to all Defendants shall be captioned and filed in all the cases referred to above. All other submissions to the Court shall be filed only in the case to which they pertain.

    5.    Discovery. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    (a)    Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed by July 14, 2014.

    (b)    Document Production. Document production shall be substantially complete by January 13, 2014.

    (c)    Requests for Admission. Unlimited requests for admission as to authenticity of documents are permitted. A maximum of 25 additional common requests are permitted to Defendants collectively by Plaintiff and 35 additional requests are also permitted to each Defendant by Plaintiff. A maximum of 25 additional common requests are permitted for Defendants collectively to Plaintiff, and 35 additional requests are also permitted for each Defendant.

    (d)    Interrogatories.

    (i)    A maximum of 15 common interrogatories are permitted to Defendants collectively by Plaintiff. A maximum of 10 additional individual interrogatories are permitted to each Defendant by Plaintiff. A maximum of 15 common interrogatories are

permitted for Defendants collectively to Plaintiff.  A maximum of 10 additional individual interrogatories are also permitted for each Defendant.

(ii)     The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(e)     <u>Limitation on Hours for Deposition Discovery</u>.  Plaintiff may take a total of 165 hours of depositions (and no more than 50 hours of fact depositions of each Defendant), excluding expert depositions.  **[REEFEDGE'S PROPOSAL:** Defendants in all cases may take a total of 165 hours of depositions (and no more than 10 hours of fact deposition of ReefEdge).]

**[DEFENDANTS' PROPOSAL :** Defendants in all of the cases collectively may take a total of 21 hours of deposition of Plaintiff and/or its licensing agent (e.g. IP Navigation) and/or others with a financial interest in the outcome of the litigation (e.g. Symantec), 42 hours total of depositions of the inventors of the patents-in-suit (and no more than 14 hours of deposition of each inventor), and 102 hours of third-party depositions, excluding expert, licensing agent, those with a financial interest in the outcome of the litigation and inventor depositions.  Nothing in this scheduling order precludes a non-affiliated[2] third party from objecting to sitting for more than 7 hours for a deposition.]  In no event shall any single deposition exceed 7 hours on the record for a single day of testimony, subject to the local rules of this Court, unless the parties agree

---

[2] For purposes of this paragraph, "non-affiliated third party" means a third party that does not have a financial interest in the outcome of the litigation and/or is otherwise being compensated by a party for its participation in the litigation (excluding mere witness fees paid as part of a subpoena).

otherwise.  Rule 30(b)(6) depositions may continue from day to day, subject to the limitation on total hours noted above.  If additional hours for deposition discovery become necessary, the parties shall meet and confer to try to reach agreement on the number of additional hours needed, and thereafter, if unable to reach agreement, the parties may seek modification of this provision by submission to the Court.

      (f)     <u>Disclosure of Expert Testimony</u>.

          (i)     <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosures of expert testimony are due on September 15, 2014.  The supplemental disclosures to contradict or rebut evidence on the same matter identified by another party are due October 14, 2014.  Reply expert reports from the party with the initial burden of proof are due November 4, 2014.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.  Depositions of experts shall be completed on or before January 7, 2015.

          (ii)     <u>Objections to Expert Testimony</u>.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      (g)     <u>Discovery Matters and Disputes Relating to Protective Orders</u>.  Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact

11

chambers at (302) 573-4571 to schedule a telephone conference.  On a date to be set by separate order, but not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.  Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

(h)     E-Mail Service.  The parties have consented in writing to service by e-mail, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure.  The parties also agree that, for purposes of computing deadlines for responses to pleadings or discovery requests when such deadlines are triggered by service of a document, the additional 3 days permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply, regardless of the manner of service.

6.     Application to Court for Protective Order.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court on or before July 19, 2013.  Should

counsel be unable to reach an agreement on a proposed form of order, counsel must follow the

provisions of Paragraph 5(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as "CONFIDENTIAL," "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

7.     Papers Filed Under Seal.  When filing papers under seal, counsel shall deliver to

the Clerk an original and one (1) copy of the papers.  In accordance with section G of the

Administrative Procedures Governing Filing and Service by Electronic Means, a redacted

version of any sealed document shall be filed electronically within seven (7) days of the filing of

the sealed document.

8.     Courtesy Copies.  The parties shall provide to the Court two (2) courtesy copies

of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e.,

appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed

under seal.

9.     ADR Process.  These matters are referred to a magistrate judge to explore the

possibility of alternative dispute resolution.

10.     Interim Status Report.  On March 17, 2014, counsel shall submit a joint letter to

the Court with an interim report on the nature of the matters in issue and the progress of

discovery to date.  Thereafter, if the Court deems it necessary, it will schedule a status conference.

11.     <u>Tutorial Describing the Technology and Matters in Issue</u>. Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12.     <u>Claim Construction Issue Identification</u>.  If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on January 13, 2014, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. Subsequent to exchanging that list, the parties will meet and confer to prepare a joint list of term(s)/phrase(s) for construction.  This document will not be filed with the Court.  On January 27, 2014, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than February 10, 2014.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their

respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

13.     Claim Construction Briefing.  The Plaintiff and the Defendants in all of the cases collectively shall contemporaneously submit initial briefs on claim construction issues, not to exceed 45 pages, on March 10, 2014.  The Plaintiff and the Defendants in all of the cases collectively shall contemporaneously submit answering/responsive briefs, not to exceed 30 pages, on March 31, 2014.  No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

14.     Hearing on Claim Construction.  Beginning at 9:00 a.m. on April 11, 2014 and subject to the convenience of the Court's calendar, the Court will hear argument on claim construction.  The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

15.     Case Dispositive Motions.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before February 4, 2015  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.  Each party is permitted to file as many case dispositive motions as desired.  Validity and common enforceability issues, if any, shall be addressed in a single, joint opening brief.  Each side is permitted to use no more than 30 combined pages for the opening briefs, 30 combined pages for the answering briefs and 20 pages for the reply briefs.  **[REEFEDGE'S PROPOSAL:** For all other issues, each side will be limited to a combined total

of 80 pages for all opening briefs (with a maximum of 20 pages filed by or addressed towards a single defendant group), each side will be limited to a combined total of 80 pages for all answering briefs (with a maximum of 20 pages filed by or addressed towards a single defendant group), and each side will be limited to a combined total of 30 pages for all reply briefs regardless of the number of case dispositive motions that are filed (with a maximum of 8 pages filed by or addressed towards a single defendant group).][3] [**DEFENDANTS' PROPOSAL**: For all other party-specific issues (e.g. non-infringement, laches, etc.), the parties in each case will be limited to 30 pages for all opening briefs, 30 pages for all answering briefs, and 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.]

16.   <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17.   <u>Trial Scheduling Conference</u>.   On [TBD and subject to the convenience of the Court's calendar], beginning at _____., the Court will hold a conference to discuss dates for the pretrial conferences and trials for these cases.

18.   <u>Pretrial Conference</u>.  On [TBD and subject to the convenience of the Court's calendar], the Court will hold the first pretrial conference in Court with counsel, beginning at _____.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).

---

[3] **ReefEdge's alternative proposal for paragraph 15**:  "All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before February 4, 2015  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.  Each party is permitted to file as many case dispositive motions as desired.  There shall be a short telephonic conference on Friday, December 19, 2014 to discuss page limits for summary judgment motions."

The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before [Pretrial Conference – 7 Days].  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

      19.    <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-(3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

      20.    <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>.  Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the date of the final pretrial conference.  This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

21.     <u>Trial</u>.  The first matter will be scheduled for a five-day jury trial beginning at 9:30 a.m. on [TBD and subject to the convenience of the Court's calendar], with subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed and counsel will be allocated a total number of hours in which to present their respective cases.


_____

UNITED STATES DISTRICT JUDGE